HENRY D. LESLIE, as Ancillary Receiver of the CASEY MACHINE AND SUPPLY COMPANY, Plaintiff, *v.* Henry M. GOODHUE, Defendant. ·

*Sale by a receiver appointed by a Court of Chancery — action by the receiver against a bidder for the difference between his bid and the price finally obtained.*

The receiver of a corporation, appointed by the Court of Chancery of New Jersey, and subsequently appointed ancillary receiver by the Supreme Court of the State of New York, put up for sale in the State of New York, by order of the Court of Chancery, certain personal property of the corporation ; by the terms of sale ten per cent cash was to be paid by the purchaser, the sale was not to be binding until confirmed by the Court of Chancery, and, if confirmed by the chancellor and not completed by the purchaser, the receiver was authorized to resell, and hold the purchaser for the difference in price.

One Goodhue bid at the sale, but did not pay the ten per cent cash ; no application was made to the Court of Chancery to confirm the sale, or to compel Goodhue to complete his bid, but the receiver put the property up for sale again, when it brought less than Goodhue's bid ; this last sale was confirmed by the Court of Chancery, and was completed.

The receiver thereafter brought an action against Goodhue to recover the difference between the two bids, as damages for breach of contract.

*Held,* that the receiver had no cause of action, there being no contract between him and the bidder (DYKMAN, J., dissenting).

MOTION by the plaintiff, Henry D. Leslie, as ancillary receiver of the Casey Machine and Supply Company, for a new trial, upon exceptions ordered to be heard at the General Term in the first instance, by an order made upon the dismissal of the complaint at the Richmond Circuit, and entered in the office of the clerk of Richmond county on the 27th day of September, 1892.

*Alfred A. Gardner,* for the plaintiff, receiver.

*Eugene Van Voorhis,* for the defendant.

BARNARD, P. J. :

The plaintiff is a receiver appointed by the Court of Chancery of the State of New Jersey, of the Casey Machine and Supply Company, a corporation of that State. He is also an ancillary receiver by order of this court. By an order of the Court of Chancery he put up certain corporate property in this State, and the defendant bid upon it, and failed to complete his bid. The property was put up again, and brought less than the defendant's bid, and

this action is brought to recover the difference between the two bids. The sale was not to be binding until confirmed by the chancellor, and ten per cent cash was required by the conditions of sale. The defendant did not pay the ten per cent, and no application was ever made to the chancellor either to compel the defendant to complete or to confirm the sale, but the receiver at once, upon his default to pay the ten per cent, put up the property and sold it, and the sale was confirmed by the chancellor, and was completed. The plaintiff has no cause of action. There was no contract between him and the bidder. (*Miller* v. *Colyer*, 36 Barb. 250.)

He was the executive agent of a Court of Chancery, which did not empower him to make it a condition that the defendant should answer for the difference between his bid, not carried out, and a lesser bid, which was. The Court of Chancery approved the sale at the less sum, and no opportunity was given to the defendant to be heard in the Court of Chancery as to his excuse for not carrying out his bid.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This is an application for a new trial upon exceptions directed to be heard in the first instance at the General Term.

The action was brought by the plaintiff as receiver to recover from the defendant damages for a breach of a contract of sale in failing to complete a purchase of certain personal property.

The plaintiff was appointed receiver of the Casey Machine and Supply Company by the Court of Chancery of New Jersey, in December, 1890. That company was a New Jersey corporation, but as its property was partly in the State of New York the plaintiff was appointed receiver in this State of the same company in January, 1891.

The property in New York was sold twice at public auction previous to the sale to the defendant, and both purchasers failed to consummate the sale.

At the third sale the property was struck down to the defendant upon his bid of $20,000, but he was not prepared to pay the ten per

cent according to the terms of sale, and the property was thereupon set up and sold again for $11,700. This action is for the recovery of the difference between the two bids.

The complaint was dismissed at the Circuit, and the exception of the plaintiff thereto was directed to be heard at the General Term in the first instance.

Whether the sale is to be considered a judicial sale or not, it was made upon certain written conditions, under which the defendant made his bid, and to which he thereby gave his assent.

Among other conditions were these : " The terms of sale will be ten per cent cash on the day of sale, and the balance in twenty days thereafter, provided the sale shall have been then confirmed by the chancellor, and if not, then when so confirmed by him.

" In case of the confirmation of the sale by the chancellor, if the purchaser or purchasers shall not attend to complete their purchase by the payment of the money, the bid and the amount paid thereon will be forfeited to the receiver, and the receiver will, at his option, hold the purchaser for the amount of his bid or resell the property, holding the purchaser for the expense of the resale and any loss which may occur by reason of the property or any part thereof bringing a smaller price or smaller prices than the bid of the purchaser so in default."

When the property was struck down to the defendant he became the purchaser thereof under the terms of sale, and such terms became a contract between him and the plaintiff, and he was under legal obligation to perform the same.

If he had complied with the terms of sale and paid ten per cent of his bid, then the sale would have been complete, and the title of the property would have passed to him, subject only to the contingency of the confirmation of the sale by the court. In that respect the defendant submitted himself to the jurisdiction of the court when he became the purchaser at the sale.

In this view the Statute of Frauds is not an important factor in the case, for if the defendant had paid the ten per cent as he undertook to do that would have rescued the case from the statute, and no writing would have been essential.

It must be borne in mind that this action is not for the enforce-

ment of the contract to purchase, but for damages for a breach of the contract.

· The breach was complete and the liability of the defendant was incurred when he failed to pay the ten per cent, and that was payable at the time of the sale.

So far we have been considering the liability of the defendant under the terms of sale alone, but we think the sale made by the plaintiff was a judicial sale.

It was made by an officer of the court under specific directions, and was subject to the approval of the court. The whole proceeding from commencement to end was under the direction of the court and was judicial in its character throughout.

Such sales are not within the mischief contemplated by the Statute of Frauds, and do not fall within its provisions.

In any view, therefore, we think the sale to the defendant was valid, and imposed upon him the obligation to complete the same, and as he failed so to do he became liable for the damages resulting from his failure so to do.

The exception should, therefore, prevail, and a new trial should be granted, with costs to abide the event.

· Exceptions overruled and judgment affirmed, with costs.